IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JOHN COX and TERRI FULLER,

Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
an Illinois company,

Defendant.

## NOTICE OF REMOVAL BY DEFENDANT

Defendant, Allstate Insurance Company (hereinafter "Allstate"), by and through its attorneys, Harris, Karstaedt, Jamison & Powers, P.C., pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the above action from the District Court for the County of Douglas, State of Colorado, based on the following grounds:

1. The above action was filed on or about May 30, 2014 in the District Court, County of Douglas, State of Colorado, and bears Civil Action No. 2014-CV-30605, Division 3, and is now pending in that court. Allstate was served on June 23, 2014. *See* Exhibit 1.

2. Allstate's answer is due on July 14, 2014.

3.      This is an insurance bad faith case related to a residential property loss allegedly resulting from a wind and hail storm which occurred at 5495 N. Lariat Drive, Castle Rock, CO 80108.  Plaintiffs allege Allstate improperly adjusted or denied their claim relating to the aforementioned wind and hail storm.  Plaintiffs' Complaint asserts claims for:  (1) unreasonable delay/denial of claim pursuant to. §§ 10-3-1115 and 10-3-1116, C.R.S.; and (2) bad faith breach of insurance contract.  Allstate is entitled to remove the above action from the state district court to the United States District Court pursuant to 28 U.S.C. § 1441(a) and § 1446.

4.      This Court would have original jurisdiction under 28 U.S.C. § 1332(a). Plaintiffs have alleged that they are residents of the State of Colorado.  See Exhibit 2, Complaint at ¶ 2.  Plaintiffs have also alleged that Allstate is an Illinois corporation.  See Exhibit 1, Complaint at ¶ 3.  In fact, Allstate is an Illinois corporation, with its principal place of business in Illinois.  Therefore, complete diversity of citizenship exists.

5.      With regard to the amount in controversy requirement of 28 U.S.C. § 1332(a), based on information in the claims file and the allegations made in the Civil Case Cover Sheet filed in state court, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.      The amount in controversy must be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the Notice of Removal.  *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  When plaintiff fails to specify damages in the Complaint, the Court may look to a plaintiff's settlement demand as

evidence of the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

7. Plaintiffs' Complaint does not allege a specific amount of damages. However, the claim log reflects, *inter alia*, a May 7, 2013 entry reflecting that plaintiffs and their public adjuster submitted an estimate for repair of the loss of $215,318.33. See Exhibit 3 at p. 14 of 23. Following an appraisal award determining the actual cash value of the loss at $82,971.11, *see* Exhibit 4, it appears that Allstate paid to plaintiffs $104,309.11 for loss to the dwelling (paying the depreciation held back under the ACV payment) and $1,567.20 in personal property loss. See Exhibit 3 at p. 19 of 23. Plaintiffs assert that Allstate unreasonably withheld or denied benefits owed to plaintiffs. *See* Exhibit 1 at ¶ 11. Based on the claim file, plaintiffs and their public adjuster submitted an estimate for repair of the loss of $215,318.33 and plaintiffs were only paid approximately $106,000. Plaintiffs' demand, combined with the amount paid, is sufficient to establish that plaintiffs are seeking more than $75,000, exclusive of interest and costs.

8. Pursuant to the claim for unreasonable delay and denial of claim for benefits under § 10-3-1115 and 1116, C.R.S., plaintiffs are seeking damages including double the benefits owed, reasonable attorney's fees and court costs. A defendant can rely on a plausible assertion of a right to recover two times the covered insurance benefit under § 10-3-1116 in determining whether the amount in controversy requirement has been met. *Jones v. American Bankers Insurance Co.*, 2011 WL 2493748 (D. Colo. 2011). *See Miera v. Dairyland Insurance Co.*, 143 F.3d 1337, 1340 (10th Cir.1998)

(holding that a district court may consider potential punitive damages in determining whether the jurisdictional amount has been met). Therefore, plaintiffs' demands during the claim process, together with the assertion of an entitlement to two times the covered insurance benefit under § 10-3-1116, establish that the amount in controversy requirement has been met.

9. In addition, the District Court Civil Case Cover Sheet, see Exhibit 5, indicates that plaintiffs seek a monetary judgment of over $100,000. Although the District Court Civil Case Cover Sheet on its own is not sufficient to support removal jurisdiction, it is probative evidence of the amount in controversy when combined with other evidence of the amount sought by plaintiffs. *Lentz v. Amica Mutual Insurance Co.*, 2013 WL 4510316 (D. Colo. 2013).

10. Based on the foregoing, Allstate Insurance Co. has demonstrated that removal of this matter to the United States District Court for the District of Colorado is proper because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this Court has jurisdiction under 28 U.S.C. § 1332(a).

11. Pursuant to 28 U.S.C. § 1446(d), and as reflected on the certificate of mailing below, a copy of this notice of removal is being served for filing on the Clerk of the Douglas County District Court.

Dated this 14th day of July, 2014.

          Respectfully submitted,

          s/ Alan Peter Gregory
          Alan Peter Gregory

          s/ Aaron J. Pratt
          Aaron J. Pratt

          Harris, Karstaedt, Jamison & Powers, P.C.
          10333 E. Dry Creek Road, Suite 300
          Englewood, Colorado   80112-5816
          (720) 875-9140
          Email: pgregory@hkjp.com; apratt@hkjp.com
          ATTORNEYS FOR ALLSTATE
          INSURANCE COMPANY

### CERTIFICATE OF MAILING

I hereby certify that on this 14th day of July, 2014, a true and correct copy of the foregoing **NOTICE OF REMOVAL BY DEFENDANT** was placed in the United States Mail, postage prepaid, and/or served electronically *via* email addressed to the following:

Brian Downing, Esq.
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, CO   80202
Brian.downing@coloradolaw.net

Douglas County District Court
4000 Justice Way, Suite 2009
Castle Rock, CO   80109

          s/   C. Kentner

{7569.0979 Doc #:00620017;1}