IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01951–MSK–KMT

JOHN COX, and
TERRI FULLER,

     Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

     Defendant.

---

## ORDER

---

This matter comes before the court on "Defendant Allstate Insurance Company's Motion to Reopen Discovery to Obtain Clark Lodge's Newly Discovered Fee Agreement" ("Mot.") [Doc. No. 29]. A Response was filed on August 17, 2015 [Doc. No. 37] and a Reply on August 19, 2015 [Doc. No. 39].

The insurance contract between Plaintiffs and Allstate contains a provision allowing for independent appraisal of claimed damages to Plaintiffs' real property if the insureds and the insurance company disagree about the value of the claim. The procedure provides that each party to the dispute designate an independent, impartial appraiser[1] to evaluate the damage. The

---

[1] Both the policy and Colorado regulatory requirements obligate both sides of the disputed claim to select an "impartial" appraiser. (Div. of Ins. Bulletin No. B-5.26 § III ("the selected appraiser and/or umpire must be fair, competent and impartial."); Mot., Ex. 2, Policy at 17 ("each party must select a competent and impartial appraiser.").

two appraisers thereafter together select an umpire who, after reviewing the two appraisals, makes the final decision about the value of the damages. In this case, after invoking the appraisal clause of their policy, Plaintiffs selected Clark Lodge of Lodge Adjusting & Consulting as their impartial appraiser. (Mot. at 2.)

Recently Defendant learned that Clark Lodge, in a separate case, utilized a form of fee agreement providing him with an interest in the value of appraisal. Allstate now seeks to obtain the fee agreement between Plaintiffs and Clark Lodge and Lodge Adjusting & Consulting ("the Lodge Fee Agreement"). Plaintiffs object to this out-of-time discovery request, arguing that the appraisal award is not the subject matter involved in this bad faith lawsuit and that evidence that the appraisal process may have been flawed is irrelevant. (Resp. at 8.) Plaintiffs devote most of their Response to arguments concerning the potential use of the Lodge Fee Agreement by Allstate, rather than whether or not the discovery should be allowed.

Plaintiffs' arguments are premature. At this point, all that has been requested of the court is to allow discovery to be reopened to permit the Defendant to issue subpoenas to Mr. Lodge and his company for the Lodge Fee Agreement and to request the same fee agreement from Plaintiffs through a document request. The relevant inquiry now is whether the Lodge Fee Agreement is relevant as defined by Rule 26 and, if so, whether the Defendant's request is timely.

*Analysis*

Last month, in *Colo. Hospitality Servs. Inc. v. Owners Ins. Co.*, No. 14-CV-001859-RBJ, 2015 WL 4245821 (D. Colo. July 14, 2015), District Judge R. Brooke Jackson issued an order finding that a form fee agreement prepared by Clark Lodge in that case gave Mr. Lodge an

improper financial interest in the outcome of the appraisal rendering him not an impartial appraiser, holding that "the appraisal award was not conducted in accordance with the policy" and vacating the award in that case. *Id.*, at *3. The errant fee agreement provided for a cap on Mr. Lodge's fees that was a percentage of the ultimate replacement cost of the claim. In other words, the higher the award, the higher the cap on Mr. Lodge's $200.00 per hour fees.[2] Judge Jackson's order was issued just two weeks prior to the entry of appearance in this case by Allstate's current counsel and 16 days before the July 30th close of discovery.

Rule 26 provides that relevant documents include those that are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Like *Colo. Hospitality Servs. Inc*, this case involves a disputed claim concerning the extent of hail damage wherein the insured invoked the right of appraisal to settle the claim. Unlike *Colo. Hospitality Servs. Inc.*, however, this case does not seek to vacate the underlying appraisal award due to a biased appraiser who had an interest in the outcome of the appraisal or, for that matter, for any other reason. This case was brought against Allstate on claims of bad faith delay or denial of a legitimate claim.

As part of their bad faith claim, however, Plaintiffs assert:

Allstate twice sent appraisers to evaluate the hail damage to Plaintiff[s'] residence, and Allstate twice determined the amount of the loss at less than $4,000.00. The Plaintiffs invoked the appraisal clause in their homeowner's insurance policy with Allstate, ultimately resulting in an appraisal award of more than $100,000.00 more than 15 months after the initial loss report.

---

[2] For example, a $4,000.00 appraisal under a fee agreement like that in *Colo. Hospitality Services* would have resulted in a maximum fee for Mr. Lodge of $200.00 while the appraisal amount actually awarded in this case, $107,505.56 would result in a maximum fee to Mr. Lodge of $5,375.28.

(Resp. at 3.)  Clearly, the disparity between Allstate's two evaluations and the appraiser's ultimate award is relevant and is evidence which can be expected to be elicited at trial by Plaintiffs.  One defense to this evidence is that the disparity arose as a result of a biased appraiser whose evaluation caused an illegal award.  The Lodge Fee Agreement, therefore, is relevant to Allstate's defense against this particular piece of evidence of bad faith pursuant to Rule 26.

Having found the discovery relevant under this broad standard, the court must then determine whether there are good grounds to re-open the discovery period for the limited purpose of obtaining the document.  "Whether to modify a scheduling order 'to extend or reopen discovery is committed to the sound discretion' of the Court."  *Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, at *1 (D. Colo. Apr. 23, 2013) (citing *Smith v. United States,* 834 F.2d 166, 169 (10th Cir.1987)). The Court should consider the following factors: (1) whether trial is imminent; (2) whether the request to reopen discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the foreseeability of the need for additional discovery; and (6) the likelihood that the discovery will lead to relevant evidence.  *Id.*

The information that Mr. Lodge might be biased by virtue of what may be an improper interest in the outcome of the appraisal in this case did not come to the forefront until Judge Jackson's order of July 14, 2015.  The instant motion was filed just 22 days later, only 8 days after counsel had entered an appearance here.  There is no question Defendant's counsel acted expeditiously.

The court finds good cause under *Benton* to re-open limited discovery to allow Allstate to serve subpoenas on Clark Lodge and his company and to issue a production request to Plaintiffs

to obtain the Lodge Fee Agreement as set forth in Exhibits 3, 4 and 5 of Allstate's motion [Doc. No. 29].  The requested discovery is relevant, and the Defendant was diligent in its pursuit of the material once its significance was known.  Although Plaintiffs oppose the request, their objections have more to do with the ultimate use that may be made of the Lodge Fee Agreement rather than with the actual production of the document.  Trial has not yet been set in the case, and there is no prejudice to Plaintiffs by this production.  Plaintiffs know what their fee arrangement was with Mr. Lodge and can plan for what might be the result of Defendant's discovery about the same.  While the court agrees that under some circumstances there might be a need for additional discovery after the Defendant learns how the fee was structured, the court will not circumvent the quest for relevant evidence given the diligence of the Defendant and the late-breaking awareness of the significance of the Lodge Fee Agreement through no fault of the Defendant.

Wherefore, it is **ORDERED**

1. Defendant Allstate Insurance Company's Motion to Reopen Discovery to Obtain Clark Lodge's Newly Discovered Fee Agreement [Doc. No. 29] is **GRANTED**.  The Defendant is required to serve the subject subpoenas and discovery request on or before September 7, 2015.  The subpoenas to be served upon Clark Lodge and Lodge Adjusting & Consulting shall contain a compliance date of no later than September 21, 2015; and

2.	The Plaintiffs shall respond to the Request for Production of Documents within seven days of being served with the request.

Dated this 24th day of August, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge